UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BOARD OF TRUSTEES OF THE
AUTOMOTIVE MACHINISTS
PENSION TRUST,

      Plaintiff,

 v.

ROSS ISLAND SAND AND
GRAVEL COMPANY,

      Defendant.

CASE NO. C18-0571JLR

ORDER DENYING MOTION
FOR DEFAULT JUDGMENT
WITHOUT PREJUDICE TO
REFILING

## I.  INTRODUCTION

Before the court is Plaintiff Board of Trustees of the Automotive Machinists Pension Trust's motion for default judgment against Defendant Ross Island Sand and Gravel Company ("RISG"). (Mot. (Dkt. # 7).) The court has reviewed the motion, all submissions filed in support of the motion, the relevant portions of the record, and the

//

applicable law. Being fully advised, the court DENIES the motion without prejudice to filing an amended motion for default judgment as described herein.

## II. BACKGROUND & ANALYSIS

On May 22, 2018, pursuant to Federal Rule of Civil Procedure 55(a), the Clerk entered an order of default against RISG. (Default Ord. (Dkt. # 6)); *see* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). After the entry of default, if the amount at issue is uncertain, the moving party must apply for order of default judgment. *See* Fed. R. Civ. P. 55(b)(2). On August 8, 2018, Plaintiff moved for such an order. (*See generally* Mot.)

Plaintiff brought this action pursuant to Sections 502(g)(2) and 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132(g)(2), 1145. (*See generally* Compl. (Dkt. # 1); Mot. at 2-3.) In the present case, RISG failed to pay outstanding contributions as required by the collective bargaining agreement ("CBA") for the delinquent period of November 2017, through June 2018. (Walker Decl. (Dkt. # 8) ¶ 19.) Based on this delinquency, Plaintiff asserts that RISG owes it $94,256.97, which is comprised of $73,853.75 in contributions, $16,852.40 in liquidated damages, $2,750.82 in interest, and $800.00 in "referral attorney fees." (*Id.* ¶¶ 20, 26.)

Section 502(g)(2)(D) of ERISA provides that in the event of a default judgment from an action to collect delinquent contributions, the court shall award the plaintiff reasonable attorney's fees and costs of the action. 29 U.S.C. § 1132(g)(2)(D). Additionally, the Trust Agreement provides for the recovery of attorney's fees and costs.

(*See* Walker Decl. ¶ 12, Ex. B.) Plaintiff asks for $598.00 in attorney's fees and $445.00 in costs. (Dwarzski Decl. (Dkt. # 9) ¶¶ 4-6.)

In reviewing Plaintiff's motion and supporting materials, the court identified a number of errors. First, in paragraph 20 of Joseph Walker's delcaration, Mr. Walker states that the interest for the amount due in November 2017 is calculated based on a 20-day delinquency from December 20, 2017 (the due date), through January 4, 2018 (the payment date). (*See* Walker Decl. ¶ 22.) Mr. Walker calculates the number of delinquent days as 20. (*See id.*) However, there are only 15 days between December 20, 2017, and January 4, 2018. This error renders both the interest calculated in paragraph 26 and the spreadsheet attached as Exhibit E to Mr. Walker's declaration in error as well. (*See id.* ¶ 26, Ex. E at 1.)

In addition, the court identified other errors in Exhibit E of Mr. Walker's declaration. The total amount RISG owed Plaintiff for December 2017 was $8,232.25. (*See* Walker Decl. ¶ 15, Ex. C at 2 (attaching the employer remittance report for December 2017).) The total amount RISG owed Plaintiff for January 2018 was $11,887.25. (*See id.* ¶ 15, Ex. C at 3 (attaching the employer remittance report for January 2018).) However, the amounts due for December 2017, and January 2018, are incorrectly reversed on the spreadsheet attached as Exhibit E to Mr. Walker's declaration. (*See* Walker Decl. ¶ 20, Ex. E at 1.) The reversal of these numbers renders Plaintiff's calculation of interest on the delinquent amounts erroneous as well. (*See id.* ¶ 22 (describing the method for calculating interest).)

//

These errors undermine the court's confidence in the accuracy of Plaintiff's remaining submissions and other calculations. Thus, the court directs Plaintiff to correct the identified errors or provide a detailed explanation as to why the identified deficiencies are not, in fact, errors. The court also directs Plaintiff to scrupulously review its entire submission for accuracy prior to refiling an amended motion for default judgment.

Finally, the court notes that Plaintiff asserts that it is entitled to $800.00 in "referral attorney fees" for the delinquent period of November 2017 through June 2018. (Mot. at 3; Walker Decl. ¶ 20.) Plaintiff asserts that it is entitled to this amount based on the CBA and Trust Agreement rather than Section 502(g)(2)(D) of ERISA. (*See* Walker Decl. ¶ 20.) Before awarding this amount, the court requires Plaintiff to provide a more thorough explanation of these fees, the work performed for these fees, and Plaintiff's basis for recovering them.

### III. CONCLUSION

Based on the foregoing analysis, the court DENIES Plaintiff's motion for default judgment but without prejudice to refiling with the corrections and revisions discussed herein (Dkt. # 7). The court ORDERS Plaintiff to refile an amended motion for default judgment within fourteen (14) days of the date of this order.

Dated this 24th day of August, 2018.

JAMES L. ROBART
United States District Judge